UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re | : | (Chapter 11) |
| HO WAN KWOK, *et al.*, | : | CASE NO. 22-50073 (JAM) |
| Debtor. | : | |
| LUC A. DESPINS, Chapter 11 Trustee | : | |
| Plaintiff, | : | ADV. PRO. NO. 24-05207 |
| v. | : | |
| BERING YACHTS, LLC, | : | |
| Defendant. | : | |
| | : | November 14, 2025 |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT BERING YACHTS, LLC.**

Bering Yachts, LLC ("Bering" or the "Defendant"), through its undersigned counsel, hereby answers in response to the Complaint filed by Luc Despins, Chapter 11 Trustee (the "Trustee") of the Estate of Ho Wan Kwok ("Kwok" or the "Debtor"), as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint states legal conclusions or statements that do not constitute allegations of fact, as such, no response is required. To the extent a response is required, Bering denies the allegations set forth in Paragraph 1.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, Bering lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies the same and leaves the Trustee to his burden of proof.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies the same and leaves the Trustee to his burden of proof.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Bering denies the factual allegations in Paragraph 4.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Bering denies the factual allegations in Paragraph 5.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Bering denies the factual allegations in Paragraph 6.

## THE PARTIES

7. Bering admits the allegations in Paragraph 7 of the Complaint.

8. Bering admits the allegations in Paragraph 8 of the Complaint.

## FACTS

9. Bering admits the allegations in Paragraph 9 of the Complaint.

10. Bering admits the allegations in Paragraph 10 of the Complaint.

11. The first sentence of Paragraph 11 of the Complaint refers to a document that speaks for itself and, therefore, Bering respectfully refers the Court to the docket in the Chapter 11 Case, denies the same, and leaves the Trustee to his burden of proof. The second sentence of Paragraph 11 states a legal conclusion to which no response is required. To the extent an answer is required, Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies the same and leaves the Trustee to his burden of proof.

12. Bering admits the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states legal conclusions to which no responses are required. To the extent an answer is required, Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies the same and leaves the Trustee to his burden of proof. Bering further denies that the judgment cited in footnote 4 is binding as to Bering in this adversary proceeding. As to the remaining allegations in Paragraph 13, including those purportedly incorporated by reference, Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same and leaves the Trustee to his burden of proof.

14. Bering admits that the Trustee has commenced a number of adversary proceedings since his appointment. As to the remaining allegations in Paragraph 14 of the Complaint, Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies the same and leaves the Trustee to his burden of proof.

15.     Paragraph 15 of the Complaint states legal conclusions to which no response is required. To the extent an answer is required, Paragraph 15 purports to characterize the adversary proceedings filed in the Chapter 11 Case. Bering respectfully refers the Court to the dockets of the adversary proceedings for a complete and accurate description of their allegations and, therefore, denies the Trustee's characterizations, and leaves the Trustee to his burden of proof.

16.     Paragraph 16 of the Complaint states legal conclusions to which no response is required. To the extent an answer is required, Paragraph 16 purports to characterize the Court's previous holdings in the Chapter 11 Case and, therefore, Bering respectfully refers the Court to docket in the Chapter 11 Case for a complete and accurate description of the Court's prior rulings and denies any allegations inconsistent therewith.

17.     Paragraph 17 of the Complaint states legal conclusions to which no response is required. To the extent an answer is required, Paragraph 17 purports to characterize the Court's previous holdings in the adversary proceedings and, therefore, Bering respectfully refers the Court to docket in those proceedings for a complete and accurate description of the Court's prior rulings and denies any allegations inconsistent therewith.

18.     Paragraph 18 of the Complaint states legal conclusions to which no response is required. To the extent an answer is required, Paragraph 18 purports to characterize dicta in a ruling by the United States District Court for the Southern District of New York and, therefore, Bering respectfully refers the Court to the docket in that

matter for a complete and accurate description of the Court's statements and denies any allegations inconsistent therewith.

19. The first sentence of Paragraph 19 of the Complaint states legal conclusions to which no response is required. To the extent an answer is required, Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19 and, therefore, denies the same and leaves the Trustee to his burden of proof. As to the second sentence of Paragraph 19, it purports to characterize a case before the Supreme Court of New York and, therefore, Bering respectfully refers the Court to the docket in that matter for a complete and accurate description of the case and denies any allegations inconsistent therewith. With respect to the remainder of the allegations in Paragraph 19, Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same and leaves the Trustee to his burden of proof.

20. Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, denies the same and leaves the Trustee to his burden of proof.

21. Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21 of the Complaint and, therefore, denies the same and leaves the Trustee to his burden of proof. As to the second sentence of Paragraph 21, Bering respectfully refers the Court to the Debtor's schedules, which speaks for themselves. Bering denies any allegation inconsistent therewith.

22. Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, denies the same and leaves the Trustee to his burden of proof.

23. Paragraph 23 of the Complaint purports to characterize pleadings in a criminal indictment filed by the United States Government in the United States District Court for the Southern District of New York and, therefore, Bering respectfully refers the Court to the docket in that matter for a complete and accurate description of the allegations in the indictment and denies any allegations inconsistent therewith. As to the remaining allegations in Paragraph 23, Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same and leaves the Trustee to his burden of proof.

24. Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, denies the same and leaves the Trustee to his burden of proof.

25. Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, denies the same and leaves the Trustee to his burden of proof.

26. Bering denies the allegations contained in Paragraph 26 of the Complaint.

27. Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, denies the same and leaves the Trustee to his burden of proof.

28. Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 28 of the Complaint and,

therefore, denies the same and leaves the Trustee to his burden of proof. As to the second sentence in Paragraph 28, it purports to characterize pleadings in a criminal indictment filed by the United States Government in the United States District Court for the Southern District of New York and, therefore, Bering respectfully refers the Court to the docket in that matter for a complete and accurate description of the allegations asserted therein and denies any allegations inconsistent therewith.

29. Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, denies the same and leaves the Trustee to his burden of proof.

30. Paragraph 30 of the Complaint states legal conclusions to which no responses are required. To the extent an answer is required, Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies the same and leaves the Trustee to his burden of proof.

31. Bering lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, denies the same and leaves the Trustee to his burden of proof.

32. Paragraph 32 of the Complaint states legal conclusions to which no response is required. To the extent an answer is required, Bering denies the allegations contained in Paragraph 32.

## **FIRST CLAIM**

33. Bering incorporates and realleges its responses to Paragraphs 1-32, inclusive, as if fully set forth herein in their entirety.

34. Bering denies the allegations contained in Paragraph 34 of the Complaint.

35. Bering denies the allegations contained in Paragraph 35 of the Complaint and all of its subparts.

36. Paragraph 36 of the Complaint states legal conclusions to which no response is required. To the extent an answer is required, Bering denies the allegations contained in Paragraph 36.

## SECOND CLAIM

37. Bering incorporates and realleges its responses to Paragraphs 1-32, inclusive, as if fully set forth herein in their entirety.

38. Bering denies the allegations contained in Paragraph 38 of the Complaint.

39. Bering denies the allegations contained in Paragraph 39 of the Complaint and all of its subparts.

40. Paragraph 40 of the Complaint states legal conclusions to which no response is required. To the extent an answer is required, Bering denies the allegations contained in Paragraph 40.

## PRAYER FOR RELIEF

Bering denies that Trustee is entitled to the relief sought in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to join necessary parties.

### FOURTH AFFIRMATIVE DEFENSE

The Trustee lacks standing to assert the claims asserted in the Complaint because the alleged transfers were not transfers of property of the Debtor.

### FIFTH AFFIRMATIVE DEFENSE

The Trustee improperly relies on references in this adversary proceeding to allegations asserted in other adversary proceedings in the Debtor's Chapter 11 Case in support of his claims of alter ego, veil-piercing, and/or reverse veil-piercing and, therefore, has failed to adequately plead facts in support of his claims premised on the same.

### SIXTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by Section 548(c) of the Bankruptcy Code.

### SEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by Section 550(b) of the Bankruptcy Code.

### EIGHTH AFFIRMATIVE DEFENSE

Bering is a good-faith transferee within the meaning of N.Y. Debt. & Cred. Law § 277.

### NINTH AFFIRMATIVE DEFENSE

As to the Trustee's Second Claim, the Trustee has failed to plead the claim with the particularity required under Fed. R. Civ. P. 9(b).

### TENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrine of laches, unclean hands, *in pari delicto*, the *Wagoner* rule, waiver and/or estoppel.

## **ELEVENTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred because any recovery would constitute unjust enrichment.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38 and Fed. R. Bankr. P. 9015(a), Bering hereby claims its right to trial by jury in this matter and demands the same.

WHEREFORE, Bering requests that this Court enter an order in its favor denying all relief sought in the Complaint and dismissing this action with prejudice and awarding costs and any other such relief as is just and appropriate.

Dated: November 14, 2025

DEFENDANT,
BERING YACHTS, LLC.

By: */s/ Matthew A. Pesce*
Robert E. Kaelin – ct11631
Matthew A. Pesce – ct31208
Harris Beach Murtha Cullina PLLC
280 Trumbull Street, 12th Floor
Hartford, Connecticut  06103
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
rkaelin@harrisbeachmurtha.com
mpesce@harrisbeachmurtha.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 14, 2025 a copy of the foregoing Appearance was filed electronically to all parties of record. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                */s/* Matthew A. Pesce
                                                Matthew A. Pesce – ct31208